O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
JS-6
CIVIL MINUTES - GENERAL

| Case No. | CV 08-3717 PSG (RZx) | Date | Sept. 2, 2008 |
|---|---|---|---|
| Title | Marisa Bautista v. Park West Gallery, et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):         Attorneys Present for Defendant(s):

Not Present                                             Not Present

**Proceedings:**     (In Chambers) Order on Defendant's Motion to Dismiss

Before this Court is Defendant's Motion to Dismiss. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15.

I.     BACKGROUND

Marisa Bautista ("Bautista") has brought a lawsuit against Park West Gallery ("PWG") and several Doe defendants. Bautista seeks to represent a class of plaintiffs who, like her, were allegedly defrauded in the purchase of art works sold by PWG on international cruises. Bautista filed her complaint in state court on April 29, 2008. On June 6, 2008, PWG removed the case to this federal district court.

However, on July 3, 2008, the Court issued an Order to Show Cause ("OSC") to PWG ordering PWG to explain why this case should not be remanded to the state court. The Court's OSC noted PWG's failure to establish that diversity jurisdiction was proper in the case because of PWG's inadequate allegations regarding a corporate party's citizenship. Then, on July 7, 2008, Bautista filed a motion to remand the case to state court. Shortly thereafter, on July 14, 2008, PWG filed a motion to dismiss the case because of, among other reasons, the Court's lack of personal jurisdiction over PWG. PWG timely filed an opposition to Bautista's motion to remand, but Bautista has not opposed PWG's motion to dismiss. Subsequently, Bautista filed a First Amended Complaint ("FAC") on August 4, 2008 and again refiled her FAC on August 7, 2008.

Presently, because the Court finds that PWG's motion to dismiss disposes of the case in

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6
CIVIL MINUTES - GENERAL

| Case No. | CV 08-3717 PSG (RZx) | Date | Sept. 2, 2008 |
|---|---|---|---|
| Title | Marisa Bautista v. Park West Gallery, et al. | | |

its entirety and renders all other pending motions moot, the Court addresses PWG's motion to dismiss with this order.

II.     LEGAL STANDARD

        A.      FRCP 12(b)(2) – Lack of Personal Jurisdiction

        Under Rule 12(b)(2), a defendant may move for dismissal on the grounds that the court lacks personal jurisdiction. See Fed. R. Civ. P. 12(b)(2). When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is appropriate. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Where, as here, the court makes its jurisdictional finding based on pleadings and affidavits rather than based on an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts. *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 127-28 (9th Cir. 1995). Although the plaintiff cannot "simply rest on the bare allegations of its complaint," *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977), the complaint's uncontroverted factual allegations must be accepted as true and any factual conflicts in the parties' declarations must be resolved in the plaintiff's favor. *Harris Rutsky & Co. Ins. Serv., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003) (citation omitted).

        Generally, determining whether personal jurisdiction exists over an out-of-state defendant involves two inquiries: whether the forum state's long-arm statute permits the assertion of jurisdiction and whether assertion of personal jurisdiction violates federal due process. *Fireman's Fund Ins. Co. v. Nat'l Bank of Coops.*, 103 F.3d 888, 893 (9th Cir. 1996) (citations omitted). Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same. *See Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998) (citing Cal. Civ. Proc. Code § 410.10). That is, the two inquiries merge and the court need only determine whether the assertion of personal jurisdiction over a defendant violates the Due Process Clause. *Rocke v. Canadian Auto. Sport Club*, 660 F.2d 395, 398 (9th Cir. 1981). Thus, jurisdiction is proper over a nonresident defendant "if the defendant has certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945) (internal quotation marks and citation omitted).

        1.      General Jurisdiction

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6
CIVIL MINUTES - GENERAL

| Case No. | CV 08-3717 PSG (RZx) | Date | Sept. 2, 2008 |
|---|---|---|---|
| Title | Marisa Bautista v. Park West Gallery, et al. | | |

"A state may assert either general or specific jurisdiction over a nonresident defendant. If the defendant's activities in the state are 'substantial' or 'continuous and systematic,' general jurisdiction may be asserted even if the claim is unrelated to the defendant's activities." *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 587-88 (9th Cir. 1993) (citation omitted). Also, the standard for establishing general jurisdiction is "exacting" and requires that the defendant's contacts be of the sort that approximates physical presence. *Schwarzenegger*, 374 F.3d at 801. "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." *Bancroft & Masters, Inc. v. Augusta National, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (citation omitted).

        2.        Specific Jurisdiction

Alternatively, "[u]nder specific jurisdiction, a court may assert jurisdiction for a cause of action that arises out of the defendant's forum-related activities." *Rano*, 987 F.2d at 588 (citation omitted). The Ninth Circuit has established a three-part test for determining when a court may exercise specific jurisdiction:

(1) the defendant must perform an act or consummate a transaction within the forum, purposefully availing himself of the privilege of conducting activities in the forum;
(2) the claim must arise out of or result from the defendant's forum-related activities;
(3) the exercise of jurisdiction must be reasonable.

*Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006). Also, "[t]he plaintiff bears the burden of satisfying the first two prongs of the 'minimum contacts' test." *Id.* (citing *Schwarzenegger*, 374 F.3d at 802 (internal citation omitted)). "If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state. If the plaintiff succeeds in satisfying both the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Schwarzenegger*, 374 F.3d at 802 (citation omitted).

Furthermore, the Ninth Circuit has "typically treated 'purposeful availment' somewhat differently in tort and contract cases. In tort cases, we typically inquire whether a defendant 'purposefully direct[s] his activities' at the forum state, applying an 'effects' test that focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum. ... By contrast, in contract cases, we typically inquire whether a defendant 'purposefully avails itself of the privilege of conducting activities' or 'consummate[s]

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6
**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3717 PSG (RZx) | Date | Sept. 2, 2008 |
|---|---|---|---|
| Title | Marisa Bautista v. Park West Gallery, et al. | | |

[a] transaction' in the forum, focusing on activities such as delivering goods or executing a contract." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (citation omitted).

### III.   DISCUSSION

In its motion, PWG argues that the Court does not have personal jurisdiction over PWG. Despite the fact that she bears the burden to establish that personal jurisdiction may be asserted over PWG, Bautista has failed to oppose PWG's motion to dismiss and has presented no sworn evidence to establish PWG's contacts with the forum-state, California. Thus, in considering PWG's motion, the Court will consider the bare allegations of Bautista's complaint and will only accept as true uncontroverted factual allegations. *See Harris Rutsky & Co. Ins. Serv., Inc.*, 328 F.3d at 1129 (citation omitted). On the other hand, PWG has presented sworn declarations that establish its lack of contacts with California, and the Court will credit this sworn evidence because it is unopposed.

   A.   General Personal Jurisdiction Over PWG

PWG has established that the Court may not properly exercise general personal jurisdiction over PWG. PWG has submitted evidence that shows that it is incorporated in Michigan and also has its principal place of business there. Furthermore, PWG "does not have offices in California, owns no property in California, does not maintain business records in California, and does not maintain employees in California to perform services" here. (Scaglione Decl., ¶ 5.) In response to PWG's evidence, Bautista has submitted no sworn evidence, and the bare allegations in her complaint do not come close to establishing that PWG conducts "substantial" or "continuous and systematic" activities in California. Thus, Bautista fails to establish that general personal jurisdiction may be exercised over PWG.

   B.   Specific Personal Jurisdiction

To establish the Court's specific personal jurisdiction over PWG, Bautista bears the burden of establishing the first two prongs of the minimum contacts test. *See Pebble Beach Co.*, 453 F.3d at 1155. Bautista must establish that (1) PWG performed an act or consummated a transaction within California, purposefully availing itself of the privilege of conducting activities in California and (2) the claim arises out of or results from PWG's forum-related activities. *Id.* Because Bautista's claims may be characterized as both contract and tort claims, the Court will analyze the "purposeful availment" first prong under both types of claims.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6
**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3717 PSG (RZx) | Date | Sept. 2, 2008 |
|---|---|---|---|
| Title | Marisa Bautista v. Park West Gallery, et al. | | |

    1.    Purposeful Direction

"In tort cases, [a court] typically inquire[s] whether a defendant purposefully directs his activities at the forum state, applying an 'effects' test that focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum." *Yahoo! Inc.*, 433 F3d at 1206 (citation and internal quotation marks omitted). In the Ninth Circuit, this test imposes three requirements: "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.* (citing *Schwarzenegger*, 374 F.3d at 803).

Here, Bautista presents no evidence demonstrating that PWG's allegedly tortious acts were "expressly aimed" at California. Indeed, her FAC merely suggests that PWG may have committed fraud while conducting art auctions on cruises while the boats were at sea. Rather than expressly aiming any activity at California, PWG appears to have "aimed" its activities towards cruise passengers on boats at sea, regardless of the citizenship of the passengers.

Thus, Bautista has failed to show that PWG purposefully directed its allegedly fraudulent activities towards California, and Bautista fails to satisfy the first prong of the minimum contacts test for her tort claims.

    2.    Purposeful Availment

In contract cases, a court "typically inquire[s] whether a defendant purposefully avails itself of the privilege of conducting activities or consummates a transaction in the forum, focusing on activities such as delivering goods or executing a contract." *Yahoo! Inc.*, 433 F.3d at 1206 (citation and internal quotation marks omitted). As the Ninth Circuit has further explained:

> A showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there. By taking such actions, a defendant purposefully avails itself of the privilege of conducting activities in the forum state, thus invoking the benefits and protections of its laws. ... In return for these benefits and protections, a defendant must - as a quid pro quo - submit to the burdens of litigation in that forum.

*Schwarzenegger*, 374 F.3d at 802 (internal citations quotation marks omitted).

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## JS-6
## CIVIL MINUTES - GENERAL

| Case No. | CV 08-3717 PSG (RZx) | Date | Sept. 2, 2008 |
|---|---|---|---|
| Title | Marisa Bautista v. Park West Gallery, et al. | | |

    Here, Bautista has failed to show that PWG purposefully availed itself of the benefits of conducting activities in California. Instead, her FAC suggests that PWG conducted its relevant activities at sea by executing sales contracts for art works with cruiseship passengers at sea. While some of these art works were delivered to California addresses eventually, PWG was availing itself of the benefits of the U.S. postal system or other delivery services, rather than any California-specific service.

    Thus, Bautista fails to satisfy the first prong of the minimum contacts test for contract claims. As a result, Bautista has failed to demonstrate that the Court may exercise specific personal jurisdiction over PWG.

## IV.   CONCLUSION

    For the foregoing reasons, the Court GRANTS PWG's motion to dismiss for lack of personal jurisdiction, without prejudice. The Court dismisses the case in its entirety because Bautista's FAC only alleges wrongful conduct by PWG and does not allege any wrongful conduct by any Doe defendants.

    This ruling renders all other pending motions in this case moot.

**IT IS SO ORDERED.**